DAVID MULHOLLAND *et al. vs.* WILLIAM F. A. GILLAN.

PROVIDENCE—APRIL 8, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Wills. Appointment of Executors. Execution.*

An instrument executed with the prescribed formalities of a will, directing the payment of debts and appointing executors, but not otherwise affecting the disposition of the property of testator, is properly admitted to probate as a will.

DOUGLAS, J. This case comes before us upon a petition for a new trial of an appeal from the probate of an instrument purporting to be the last will and testament of Mary V. McCloskey, late of Providence, deceased.

The writing in question is in the words and figures following:

"I, Mary V. McCloskey, of Providence, R. I., make and declare this to be my last will and testament.

"I direct that my funeral expenses and debts, if any, be paid.

"As to my estate at present, I own certain shares of the Elevated Railroad Company in Boston, and certain bonds about which information may be had from Mr. Royce J. Allen, of 92 State street, Boston.

"I appoint as executor of this will and to administer my estate, Dr. William F. A. Gillan, of Pawtucket, R. I., and James Brandley of Walpole, Massachusetts.

"In testimony whereof I hereunto set my hand this 29th day of March, 1901.

"MARY V. MCCLOSKEY.

"Signed, published and declared as and for her last will and testament in the presence of us, who at her request and in her presence and in presence of each other hereto subscribe our names as witnesses.

"MARGARET A. REDDINGTON,
"JOHN DORAN."

It was contended by the contestants that the testatrix did not intend to make a will when she signed this paper, and that she was unduly influenced to execute the same.

The evidence upon these points was to some extent conflicting, but, on the whole, clearly preponderates in support of the verdict which sustained the will.

The objection most seriously urged in the Common Pleas Division was that in contemplation of law the writing under consideration is not a will, and ought not to be admitted to probate as such. The presiding justice overruled this objection, and the appellants duly excepted, and now insist upon this claim as ground for a new trial.

The document, it is true, lacks the ordinary characteristics of a will in that it makes no disposition of the testator's estate further than to provide for payment of debts. It does, however, declare the wish of the testator as to who shall settle her affairs and distribute her property, and we know of no principle of law which forbids a person from exercising such powers. We have a statute—Gen. Laws cap. 212, § 5—which provides

that where part of an estate is disposed of by will the executor named therein shall become *ex officio* administrator of the intestate residue, thus favoring the selection by a decedent of the person who shall administer upon property which goes to his next of kin because he does not desire to make a different disposition of it. As was observed by the learned judge who presided at the jury trial: If the testatrix had given the smallest legacy her right to appoint an executor would have been incontestable, and by the statute that executor would have taken upon himself the administration of the whole estate; why should her wish be less prevalent in the present case?

From the old rule of the common law which vested in an executor all the personal property, charged only with a trust to pay debts and legacies, it logically followed that the mere appointment of an executor effectually disposed of all the personal property.

The modification of the rule by modern statutes simply imposes upon the executor the additional trust of distributing the residue among the next of kin instead of keeping it for himself. *Hays* v. *Jackson*, 6 Mass. 149, 152.

(1)    The most reliable text writers, as well as the general consensus of decisions, support the proposition that an instrument in the form of a will, and executed with the prescribed formalities, which entrusts to a certain person as executor the settlement of the estate, though it does not further affect the disposition of the property, is a will, and, as such, should be admitted to probate. 1 Williams on Executors, 7th Am. ed. 268 (*182); 3 Redfield on Wills, 2nd ed. p. 67, *2; Sch. on Wills, § 1 n. 2, § 297, p. 312; Jar. Wills, 18, n. 1; Page on Wills, 39, § 45 (b); 29 Am. & Eng. Enc. L., 1st ed. 125, n. In the latter work it is said: "While it is undoubtedly true that any instrument intended to dispose of the testator's property after death, provided the statutory formalities are observed, may operate as a will, yet it seems clear that the term to-day applies equally to instruments framed exclusively with a view to appointing executors, leaving the property to pass

under the Statute of Distributions as though no will had been made."

This principle is recognized in numerous cases where the testator had disposed only of real estate or of trust property and appointed an executor, and the instrument was held to be a will. *In re Goods of Jordan*, L. R. 1, Probate & Divorce, 555; *In re Goods of Lancaster*, 1 Swabey & Tristam, 464; *In re Goods of Cubbon*, L. R. 11 Probate & Divorce, 169; *In re Goods of Miskelly*, 4 Ir. R. Eq. 62; *Brownrigg* v. *Pike*, L. R. 7 Probate & Divorce, 61.

In *Bayeaux* v. *Bayeaux*, 8 Paige, 333, the testator had attempted to dispose of his property, but the disposition was unintelligible. The court held the will was void, except as to the appointment of the widow to be executrix and testamentary guardian.

*Barber* v. *Barber*, 24 N. Y. S. C., 17 Hun. 72, was an appeal from a decree allowing the following instrument as a will:

"I Jedediah Barber, of the Village of Homer, for my last will and testament as follows:

"I nominate and appoint Samuel McCellan Barber, Thomas D. Chollar, and Robert H. McCellan, executors of this my will, and for the purpose of converting my real estate into money I authorize and empower them to sell the same.

"Witness, etc.          (Signed)          JEDEDIAH BARBER."

This was admitted to probate as a will of personal estate, and an appeal taken. Mr. Justice Boardman, in delivering the opinion of the court, cites many of the old authorities to the effect that the bare nomination of an executor entitles a will to probate. He also says: "If a man make a will in which he declared himself to die intestate the paper will operate as a bequest of his property to the persons designated by the Statutes of Distribution," and adds, "We find no authority or writer expressing views conflicting with those stated, and hence conclude that the instrument under consideration was a valid will."

In *Jolliffe* v. *Fanning*, 10 Rich. S. C. 186 (1856), a will, of which the only legal provisions were to revoke a former will and to appoint an executor, was sustained.

*In re Johns Will*, 30 Or. 494, the court says: "Modern jurisprudence stands in support of the will, whether an executor is appointed or not, and yet the appointment of an executor is sufficient to make the instrument a will. It is not uncommon for a testator to make his will for the sole purpose of nominating an executor to administer his estate."

To the same effect see *In re Hickman*, 101 Cal. 609; and in *Prater* v. *Whittle*, 16 S. C. 40–46, it is said: "So little has the Probate Court to do with the contents of a will or its construction that it is laid down as an elementary principle that 'the bare nomination of an executor, without giving any legacy or appointing anything to be done by him is sufficient to make it a will, and as a will it is to be proved.'"

The decisions cited by the contestants are mostly aside from the question at issue. The paper considered in the case of *Williamson's Will*, 6 Ohio Dec. 505, was a declaration of the legitimacy of the signer's children and a revocation of previous testamentary dispositions. In *Williams* v. *Noland*, 32 S. W. Rep. 328, the document was a written declaration, under a statute of Texas, that certain persons should be guardians of a child. In *Estate of Meade*, 118 Cal. 429, it was claimed that a letter to an undertaker, expressing a desire for cremation and giving various information as to what should be done in case of the writer's death, was held not to be a will; but in respect to one paragraph, which it was urged appointed an executor and hence made the paper a will, the court say: "If the paper appoints an executor this contention is sound," citing *In re Hickman*, 101 Cal. 613. In *McBride* v. *McBride*, 26 Grattan, 476, a will was drawn up but never signed. It was held that a letter written by the deceased, referring to this draft as a will, was not an execution of it. In *Coffman* v. *Coffman*, 85 Va. 459, a paper executed as a will, disinheriting a son but making no disposition of the estate and appointing no executor, was held not to be a will.

The ruling of the court and the verdict of the jury were right, and the petition for a new trial is denied.

*Peter J. Quinn,* for appellants.

*Doran & Flanagan,* for appellees.