State v. Unknown Heirs.

STATE OF TENNESSEE *v.* UNKNOWN HEIRS OF HARRIS GOLDBERG, Deceased, *et al.*

(*Jackson.*    April Term, 1904.)

1. **CHANCERY PLEADING AND PRACTICE.** Amendment by minute entry treated as properly made.

   An amendment permitted to be made by a minute entry, correcting a date in an amended bill pointed out by the answer thereto, and treated as properly made in the future progress of the case, will be so treated by the supreme court upon appeal. (*Post, pp.* 301, 302.)

2. **PRINCIPAL AND AGENT.** Agent cannot buy deceased principal's land at a tax sale and set up title in himself, when.

   The agent of a deceased landowner at the time of his death, and when the taxes were assessed, with the means of his principal in his hands sufficient to pay the taxes when they accrued, and when the land in his charge was sold for the taxes, can not stand by and allow the property to be sold and buy it in and set up a title in himself thus acquired. (*Post, p.* 302.)

3. **ESCHEAT.** Sale for taxes after escheat to State is unnecessary and invalid.

   A sale of land for taxes after the same has escheated to the State is unnecessary and invalid. (*Post, p.* 302.)

4. **SAME.** Not defeated by will disposing of property as the law directs, which is equivalent to no will.

   A will directing testator's property "to be disposed of as the law of the land directs" is not effective as a will; and the maker of such a will dies intestate, and if he leaves no issue, nor relatives entitled to his estate, it shall escheat to the State for school purposes. (*Post, pp.* 302, 303.)

State v. Unknown Heirs.

Code cited and construed: Sec. 3825 (S.); sec. 2961 (M. & V.); sec. 2138 (T. & S. and 1858).

Cases cited and approved: Hoover v. Gregory, 10 Yer., 451; Alexander v. Wallace, 8 Lea, 569.

5. **SAME. Evidence required to show escheat.**
In a suit to have property declared escheated to the State, the evidence must show that the deceased left no issue, widow, or other relatives entitled to his property; but this is not required to be shown beyond peradventure. (*Post, pp.* 303, 304.)

Case cited and approved: Catham v. State, 2 Head, 553.

6. **SAME. From death of owner, and not merely from decree; and rents and income belong to State.**
The State's right to escheated property dates from the death of the owner, and not merely from the time the escheat is established and declared by the decree. Hence, the State is entitled to the rents and income of the escheated property from the death of the owner. (*Post, p.* 304.)

Case cited and approved: Puckett v. State, 1 Sneed, 356.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

ATTORNEY-GENERAL CATES and DAVID A. FRAYSER, for the State.

FINLEY & FINLEY, for defendants.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is a bill to recover of Thomas L. Beasley certain real estate in Shelby county, formerly belonging to Harris Goldberg, and which it is claimed escheated to the State upon the death of Goldberg without widow or issue or heirs at law.

Harris Goldberg died in Shelby county on the seventeenth day of January, 1897, after having made a will, which in terms directed that his property should "be disposed of as the law of the land directs."

Administration was had upon his estate, and all his personalty was exhausted in the payment in full of his debts. He left, in addition, a lot of land described in the bill.

Previous to his death defendant Beasley had been his agent, and had rented out his property, and prior to the institution of this suit had collected several hundred dollars after the death of Goldberg.

The bill averred that Goldberg died leaving no widow, children, or relative, and that his property therefore escheated to the State, but that Beasley was claiming the same under a void tax sale.

Beasley admitted the death of Goldberg, and that he had heard of no relatives, but denied that he had none capable of inheriting. He further admitted that he was in possession of the property, and had been since the death of Goldberg, collecting rents, and refusing to account for the same, because he claimed title to the

property under a sale for the taxes of 1897, made September 4, 1898.

It was averred that these taxes were assessed and became a lien upon the property tenth of January, 1897, or seven days before the death of said Goldberg, and were therefore a lien on the property when Goldberg died.

An amendment was then somewhat informally made to the bill attacking this tax sale and the certificate and deed thereunder as void, because of the failure of the trustee to properly certify the same to the circuit court, and because Beasley had funds of Goldberg's in his hands out of which to pay the taxes, and could not permit the lot to be sold for them and acquire any title as purchaser which the court would recognize.

The property was placed in the hands of the clerk and master *pendente lite*.

On the hearing the chancellor decreed that Beasley took no title to the property under the tax sale; found the other facts necessary to make out the State's contention; declared the property escheated to the State, and that the State was entitled to the rents of this property from the death of said Goldberg, less the amounts paid out by Beasley for repairs; and a reference was had, and a sale of the property was ordered; and defendant Beasley appealed to this court.

It is first insisted that the chancellor erred in holding the tax sale void, and in this connection it was said that it was not attacked in the pleadings. The bill did

attack the tax sale, but incorrectly referred to it as having been made for the taxes of 1898. The defendant answered, and set up his tax title, showing that the sale was for the taxes of 1897. Complainant thereupon was permitted to amend his bill so as to meet this claim and attack this sale, and this was done by a minute entry, and appears to have been treated as properly done in the future progress of the case.

It appears that the defendant was the agent of the deceased at the time of his death and when the taxes were assessed, and had this property in his charge, and he had the means necessary to pay these taxes when they accrued and when the sale was made for their payment. He could not, therefore, stand by, and allow the property to be sold, and buy it in, and set up a title in himself, thus acquired.

In addition, if the land did escheat to the State on the death of Goldberg, the State must be entitled to it, and any sale of it for taxes thereafter would be unnecessary and invalid.

So far, then, as defendant claims title in himself to defeat the action of the State, he must, we think, fail.

It is insisted, however, that the present is not a case in which the property of the deceased would escheat to the State, inasmuch as he made a will, and did not die intestate, as is contemplated in our statutes (Shannon's Code, sec. 3825), which provide for escheats only when a person dies intestate.

It will be noticed, however, that the will of Goldberg

State v. Unknown Heirs.

directs that his property is "to be disposed of as the law of the land directs." This is, in effect and substance, the same as if Goldberg had died intestate.

When property is directed by a will to go in the same way it would by law, the party who takes the property takes under the law, and not under the will. *Hoover's Lessee* v. *Gregory*; 10 Yerg., 451; *Alexander* v. *Wallace*, 8 Lea, 569.

So it is said "a devise to an heir at law is void if it gives precisely the same estate that the heir would take by descent." 4 Kent's Comm., 506.

In addition, the will directs that the property shall be disposed of as the law directs. The law (Shannon's Code, sec. 3825) provides that the property of a person dying intestate without issue or relatives shall escheat to the State for school purposes.

It is said, in the next place, that it does not appear from the evidence in the record that Goldberg died without issue or relatives entitled to take his estate under the law.

Necessarily, such proof must be of a negative character.

Proof of want of relatives cannot, from the nature of the case, be made with the directness that proof of the existence of such relatives can be made, if they do exist; and the proof will, in the majority of cases, be general, and lacking in definiteness.

The State must show that the deceased left no widow

or relatives (*Catham* v. *State,* 2 Head, 553); but it is not required to be shown beyond peradventure.

While the evidence in this case is not strong, we think it sufficient to show this fact; and especially in the absence of anything to the contrary, or any circumstances tending to throw doubt upon the question.

It is said, finally, that the State's right to this property dates only from the time the escheat is established and declared by the decree. But we think this is not the rule. The right of the State does not rest upon the decree, nor does the title pass by it, but it passes by operation of law upon the death.

The action brought is not to transfer the title or acquire the right, but to have the escheat declared. *Puckett* v. *The State,* 1 Sneed, 356.

Hence the State is entitled to the rents and income of the property from the death of the deceased.

We can see no error in the proceedings and decree of the court below, and it is affirmed, with costs, and the case will be remanded to be further proceeded with according to the decree of the chancellor.