EDNA HARTSELL DELANEY, Plaintiff in Error,

*v.*

FIRST PEOPLES BANK OF JOHNSON CITY, Administrator ad litem of the Estate of Arthur S. Hartsell, Deceased, Defendant in Error.

380 S.W.2d 65

(*Knoxville*, September Term, 1963.)

(May Session 1964.)

Opinion filed June 4, 1964.

Thomas E. Mitchell, Dennis Erwin, Erwin, for plaintiff in error.

Frank Bryant, Johnson City, Bryant, Brandt & Price, Johnson City, of counsel, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

On July 11, 1963 the First Peoples Bank of Johnson City offered for probate in the County Court of Washington County a paper writing purporting to be the last will and testament of Arthur S. Hartsell, deceased. On that same day Edna Hartsell Delaney, daughter and sole heir at law and next of kin of the decedent, filed a petition in the same Court alleging her father died intestate on June 30, 1963 and prayed that she be appointed administratrix of his estate. The record shows that Mrs. Delaney contested the probate of the paper writing offered by the First Peoples Bank upon the ground that "it only appointed the administrator and gave it special powers but did not devise the estate otherwise than provided by the laws of descent and distribution." The paper writing offered for probate is as follows:

"I, ARTHUR H. HARTSELL, Of Johnson City, Washington County, Tennessee, having considered the problems that will be met in the administration of my estate, and having determined that I ought to make provision that these problems be placed in the hands of an experienced and able organization, do hereby name and appoint First Peoples Bank, with offices in Johnson City, Tennessee, as administrator and do direct that said administrator shall be allowed to serve without bond.

"I further vest in said administrator, First Peoples Bank, the powers that may be necessary to collect my estate, pay taxes, debts, and file all proper returns and distribute said funds as provided by law. In the event there should not be sufficient cash on hand to pay all taxes the administrator is hereby vested with the power to sell at public or private sale, at such prices and upon such terms as it may deem reasonable, any per-

sonal or real property that the administrator may decide should be sold and also vested with the power to select said real or personal property to be sold; and the administrator is further vested with the power to determine whether or not sell real estate or personal assets to procure the needed money and its exercise of such discretion in this determination is absolute and may not be reviewed.

"IN TESTIMONY WHEREOF I have executed the foregoing Testamentary Instrument, this the 8 day of January, 1963.

/s/ Arthur S. Hartsell

"Signed, sealed, published and declared by the testator, Arthur S. Hartsell, to be his Testamentary Instrument in the presence of all of us at one and the same time, and we at his request and in his presence and in the presence of each other, have hereunto subscribed our names as witnesses, and we do hereby attest to the sound and disposing mind of said testator and to the performance of the aforesaid act of execution at the place and on the date hereinabove set out.

| /s/ Stanley A. Black | Johnson City, Tenn. |
| /s/ Louise F. Boyer | Johnson City, Tenn. |
| /s/ Earl M. Reasor | Johnson City, Tenn." |
| Names | Addresses |

The County Court admitted this paper writing to probate and dismissed the petition of Mrs. Delaney. Mrs. Delaney thereupon appealed to the Circuit Court, where on January 2, 1964 that Court ordered the paper writing admitted to probate. Mrs. Delaney has perfected her appeal to this Court.

■ The primary question presented by the appeal is whether or not a paper writing properly executed with

the formalities required for making wills which appoints a personal representative and gives that representative certain powers but does not make any disposition of property may be admitted to probate as a will.

Examining first the texts on wills, it is found that Rood on Wills (1926 Ed.) Sec. 69, Page 53, states:

"Moreover it has always been held that a writing which merely appoints an executor is a will entitled to probate, though it makes no attempt to dispose of any property at all."

Phillips' Pritchard on Wills, Etc., Vol. 1, Sec. 3A, Pages 3 and 4 states:

"There need be no express disposition of property, either real or personal, to entitle a testamentary instrument to probate as a will, for, in modern practice, it is not uncommon for one to make a will for the sole purpose of selecting the person or persons who shall administer his estate—the law, in such case attaching an implied direction that the estate shall be managed and disposed of by the person so selected under the laws governing the management and disposition of intestate estates."

In Underhill on Wills, Vol. 1, Sec. 5, Page 9, it is state:

"An instrument executed in the form of a will, appointing an executor, though it neither disposes of personal property nor directs the executor to perform any of his ordinary functions is a valid will, and should be admitted to probate unless the person appointed is dead or renounces."

This same rule is recognized in Page on Wills (Bowe-Parker Revision of 1960) Vol. 1, Sec. 5.3, Page 164, where

cases from many jurisdictions holding in accord with the above quoted text writers are collected.

In *Howell v. Moore,* 14 Tenn.App. 594, 646, 647, the Court quoted with approval as follows from 1 Schouler on Wills (5th Ed.) Sec. 294:

"A will, to operate as such, must, as a rule, make or attempt a total or partial distribution of property, to take effect at the testator's death, *or at least, must name an executor;* and, it is not enough that the instrument purports to be a will and is executed with all the testamentary formalities, when it accomplishes nothing of a testamentary character." (Emphasis supplied.)

In 147 A.L.R. 636, there is an annotation on "Non-dispositive Writing As a Will". At page 640 of this annotation, it is stated:

"The rule is well established, except for scattered cases, or unusual circumstances (see, for example, *In re Manatt* (1931) 214 Iowa 432, 239 N.W. 535 infra) that an instrument of a testamentary nature and properly executed is a will if it names or nominates an executor, notwithstanding the instrument does not purport to dispose of any property or contains no effective disposition thereof."

57 Am.Jur., Wills, Sec. 27, Page 55, states the rule as follows:

"The prevailing view, however, is that the disposition of property is not an essential characteristic of a will and an instrument simply nominating an executor may be a will. In fact, it is not uncommon for a testator to

make his will for the sole purpose of nominating an executor to administer his estate.''

In 94 C.J.S. Wills sec. 134, page 912, it is stated:

''An instrument in testamentary form which nominates or appoints an executor is not invalid or ineffective as a will merely because it contains no disposition of property.''

The reported decisions of numerous Courts are cited as authority for the above quoted texts.

██ ██ We agree with the reasoning of the New Jersey Court in *In re Sapery* (1959) 28 N.J. 599, 147 A.2d 777, 781, 782, where the Court stated:

''A specific disposition is not essential to the *animus testandi* which is of the essence of an effective testamentary act, certainly not where administration is provided for by the nomination of an executor. The executorial appointment is enough. 'From the old rule of the common law, which vested in an executor all the personal property, charged only with a trust to pay debts and legacies, it logically followed that the mere appointment of an executor effectually disposed of all the personal property'; and the 'modification of the rule by modern statutes simply imposes upon the executor the additional trust of distributing the residue among the next of kin, instead of keeping it for himself.' *Mulholland v. Gillan,* 25 R.I. 87, 54 A. 928 (Sup. Ct.1903). It may 'often occur that, subject to the payment of his just debts, a testator is quite willing that his property shall be succeeded to as provided by law, while the selection of the minister through whom the settlement is to be made and the distribution is to be had is not only a matter of deep interest to him, but of

vital interest to the estate; and, as the law accords to him the privilege of making the selection of his executor, it must be upheld, when duly made.' (Citing cases) Such an instrument is not inoperative as a will because 'it disposes of the entire estate precisely as the law would distribute it, and the heirs-at-law, in such case, take by descent, and not by purchase, that is, under the will.' "

In *Boyles v. Gresham,* 153 Tex. 106, 263 S.W.2d 935, 938, in holding an instrument appointing an executor and making no disposition of property a valid will, the Supreme Court of Texas stated:

"We approve this statement by the Supreme Court of Alabama: 'The will is but the expression of the desire of and direction by the testator as to what shall be done with the property left by him, and if he does not desire to make any disposition save such as the law provides, but does desire to name the one who shall administer upon his effects, he has the right so to do.' *Conoway v. Fulmer,* 172 Ala. 283, 54 So. 624, 625, 34 L.R.A.,N.S., 963. The naming of an executor without making a devise or a bequest of property, while it does not invest the executor with title, may be regarded as 'special disposition of the property to the executor for administration purposes.' "

The plaintiff in error relies upon *State v. Unknown Heirs of Goldberg,* 113 Tenn. 298, 86 S.W. 717. In that case the State filed a bill in the Chancery Court alleging that property of a decedent escheated to the State. Title to the property was claimed by one who contended he had purchased same at a tax sale. The opinion shows that the decedent had:

"made a will, which in terms directed that his property should 'be disposed of as the law of the land directs.'

"Administration was had upon his estate, and all his personalty was exhausted in the payment in full of his debts."

The Court held the tax sale was void and further held:

"It will be noticed, however, that the will of Goldberg (the decedent) directs that his property is 'to be disposed of as the law of the land directs.' This is, in effect and substance the same as if Goldberg had died intestate."

That case does not involve the question of the probate of a will which appoints a personal representative but does not make a disposition of the testator's property and is not in point in determining the issues before the Court in the present case.

Plaintiff in error also cites *McQuiddy Printing Co. v. Hirsig,* 23 Tenn.App. 434, 134 S.W.2d 197. That case recognizes the common law rule that "a devisee who takes by the will precisely the estate that would have been cast upon him by descent, is in by descent and not by purchase". That case likewise is not in conflict with the authorities from which we have quoted above. The same is true of the *State v. Lancaster,* 119 Tenn. 638, 105 S.W. 858, 14 L.R.A.,N.S., 991.

It results that the assignment of error made in this Court by the plaintiff in error is overruled

■ The First Peoples Bank of Johnson City has assigned as error the action of the Circuit Court in refusing to hold that because the case was appealed to the Circuit Court by Mrs. Delaney and not certified for trial of the issue *devisavit vel non* in the Circuit Court pursuant to

T.C.A. sec. 32-401, the Circuit Court did not acquire jurisdiction of the contest. In reference to this contention we call attention to *Murrell v. Rich,* 131 Tenn. 378, 175 S.W. 420. In that case, the proponents of a will appealed to the Circuit Court from the order of the Court of probate denying probate of a paper writing offered as a will on the ground that four pages of the instrument were missing. In passing upon the jurisdiction of the Circuit Court to try the will contest, this Court stated, at 397 and 398 of 131 Tenn., at 425 of 175 S.W.:

"When, therefore, a will is presented or propounded for probate under our system, that step must take place in the court of first instance, and the *status* of the will at the time it is presented and while there awaiting judgment determines the jurisdiction of the court of first instance, and limits its powers in respect of it. If it is an uncontested will, the court of first instance may admit it to probate in either common form or solemn form, but, if it be a contested will, the only power possessed by that court in respect of it is to cause the fact that it is contested to be certified to the circuit court, and to send the original will to that court, and to take such action in respect of bonds, *et cetera,* as our statutes authorize in such cases; but the failure of the county or probate court to do any or all of the acts above set out will not defeat the jurisdiction of the circuit court over the contested will.

"If a will is contested when presented to the probate court, or if a contest arises after presentation and before judgment, the jurisdiction of the circuit court *ipso facto* attaches over the subject-matter of the contest."

The will in the case before the Court was contested by the heir at the time it was offered for probate in the Court of first instance (the County Court) upon the ground that it was not a will because "it only appointed the administrator and gave it special powers but did not devise the estate otherwise than provided by the laws of descent and distribution." In such case the jurisdiction of the Circuit Court *"ipso facto* attaches over the subject-matter of the contest" and the Circuit Court had jurisdiction to enter the order which it entered sustaining the will.

The judgment of the Circuit Court is affirmed and the cause is remanded to that Court for the purpose of effectuating its order admitting the will to probate and certifying its judgment to the County Court pursuant to applicable statutes. The costs are adjudged against the plaintiff in error, Mrs. Edna Hartsell Delaney.