IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 12, 2013 Session

# IN RE: ESTATE OF JOHN LEONARD BURKE

**Appeal from the Chancery Court for Williamson County**
**No. P6299     Timothy L. Easter, Chancellor**

---

**No. M2012-01735-COA-R3-CV - Filed May 21, 2013**

---

Robert LaFever appeals the Trial Court's order of July 12, 2012 dismissing his notice of will contest after finding and holding, *inter alia*, that the Last Will and Testament of John Leonard Burke had been admitted to probate in solemn form and could not be challenged in a later will contest. We affirm the Trial Court's July 12, 2012 order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, JJ., joined.

Connie Reguli and Megan Woodson Miller, Brentwood, Tennessee, for the appellant, Robert LaFever.

Rebecca C. Blair, Brentwood, Tennessee, for the appellee, the Estate of John Leonard Burke.

## OPINION

## Background

In September of 2011, John Leonard Burke ("Deceased") died at the age of 78 in Williamson County, Tennessee. Elizabeth L. Adams filed a petition in November of 2011 seeking to admit the Last Will and Testament of Deceased executed in August of 2010 ("the Will") to probate in solemn form and to be appointed as executrix of Deceased's estate. Robert LaFever, Deceased's step-son, was one of the parties who received notice of Ms. Adams's petition.

After a hearing, the Trial Court entered its Order to Probate in Solemn Form on December 19, 2011 finding and holding, *inter alia*, that all potential beneficiaries had been duly served with notice of the hearing on Ms. Adams's petition, that no objection was filed to the probate of the Will, that the Will was duly executed, that Deceased was of sound mind and had full testamentary capacity at the time of the execution of the Will, and that the August 20, 2010 Will is "the true, whole and Last Will and Testament of John Leonard Burke." The December 19, 2011 order admitted the Will to probate in solemn form and appointed Ms. Adams as executrix of the Estate of John Leonard Burke ("the Estate").

On June 8, 2012 Robert LaFever filed a notice of will contest alleging, in part, that the Will was "procured by the fraudulent inducement" of Deceased's wife, and that Deceased "was in a compromised state both medically and mentally at the time of the procurement of the 2010 will." The Estate filed an objection to the notice of will contest and a motion to dismiss.

After a hearing, the Trial Court entered its order on July 12, 2012 finding and holding:

> Based on the filings and argument presented at the hearing the Court finds that the Motion to Dismiss the Notice of Will Contest is well taken.
>
> In reaching this opinion the Court relies heavily on the opinion of the Tennessee Court of Appeals in the matter *In re Estate of Boote*, 198 S.W.3d 699 (Tenn. Ct. App. 2005) in which that Court explained that because of the procedural and evidentiary distinctions between the two types of probate proceedings, the conclusiveness of an order admitting a will to probate depends on whether it was admitted to probate in common form or solemn form. Even after an order has been entered admitting a will to probate in common form, the will can still be challenged in a will contest at any time up to two years following the date of entry of the order. By contrast, once an order admitting a will to probate in solemn form has been entered, the will cannot be challenged in a later will contest. This Court does not see anything in Tenn. Code Ann. 32-4-108 which changes this conclusion.
>
> The subject Will of John Leonard Burke was entered to probate at a solemn form probate hearing on December 19, 2011, following notice to the contestant. No objection was asserted at that time. As a result, the Will cannot now be challenged. The Executrix's Motion to Dismiss the Notice of Will Contest is GRANTED. Contestant's Motion for Extension and Other Relief is moot.

Mr. LaFever appeals the dismissal of his notice of will contest to this Court.

## **Discussion**

Although not stated exactly as such, Mr. LaFever raises one issue on appeal: whether the Trial Court erred in dismissing his notice of will contest.

Mr. LaFever also filed a motion seeking to have this Court strike "magnetic tape audio recordings" of legislative proceedings from 1985 and 1987, which were included in the record on appeal. Mr. LaFever's motion asserts, in part, that these "magnetic tape audio recordings" were not before the Trial Court and "have not been referred to by either party in their briefs." Mr. LaFever's assertion that the "magnetic tape audio recordings" were not "referred to by either party in their briefs" is patently wrong. The Estate refers to these tapes and cites them in its brief on appeal on pages 19 and 20 and also attaches to its brief a transcript of the tapes. Furthermore, Mr. LaFever *himself* refers to these tapes on page 5 of his reply brief on appeal.

We have determined, however, that the issue on appeal can be resolved without the need of these "magnetic tape audio recordings" of legislative proceedings, as will be discussed more fully below. As such, the motion to strike these "magnetic tape audio recordings" of legislative proceedings from 1985 and 1987 is granted, and these recordings have not been considered by this Court.

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, in which our Supreme Court explained:

A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook, supra*.

-3-

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

In *In re: Estate of Boote*, this Court explained:

> A will or codicil has no legal effect until it has been admitted to probate. *State v. Lancaster*, 119 Tenn. 638, 651, 105 S.W. 858, 861 (Tenn. 1907); *Weaver v. Hughes*, 26 Tenn. App. 436, 443, 173 S.W.2d 159, 162 (1943); 1 PRITCHARD §§ 35, at 55, 326, at 504…. Proceedings to probate a will are instituted by the filing of a verified petition in the court that exercises probate jurisdiction over the county where the testator or testatrix resided at the time of his or her death. Tenn. Code Ann. § 32-2-101 (2001); 1 PRITCHARD § 326, at 504.

* * *

> There are two types of probate in Tennessee: probate in common form and probate in solemn form. *Delaney v. First Peoples Bank of Johnson City*, 214 Tenn. 355, 364, 380 S.W.2d 65, 69 (1964); 1 PRITCHARD § 325, at 502; *see also* Tenn. Code Ann. § 32-5-103 (2001) (providing for probate of foreign will "either in common or in solemn form"). Probate in common form is an extremely informal procedure. *McClure v. Wade*, 34 Tenn. App. 154, 173, 235 S.W.2d 835, 843 (1950); 1 PRITCHARD § 331, at 511-12. There is no requirement that interested parties be given notice of the proceedings, Tenn. Code Ann. § 30-1-117(b); *Reaves v. Hager*, 101 Tenn. 712, 720, 50 S.W. 760, 762 (1899); *In re Estate of Powers*, 767 S.W.2d 659, 660 (Tenn. Ct. App. 1988); 1 PRITCHARD § 331, at 511, and a judicial hearing is not required to have the will admitted to probate, Tenn. Code Ann. § 16-16-201(b); 3 PAGE ON WILLS § 26.110, at 292.

> The clerk and master of the chancery court is statutorily authorized to probate wills in common form. Tenn. Code Ann. § 16-16-201(b). Thus, in many cases, the will can be admitted to probate in common form on the same day that the petition is filed. The clerk and master of the chancery court simply reviews the petition for completeness, collects the required fees, and enters an order admitting the will to probate in common form. After taking a bond and administering the appropriate oath or affirmation, the clerk and master issues letters testamentary to the person nominated by the testator or testatrix to serve as the executrix or executor for the estate. Tenn. Code Ann. §§ 30-1-111 (2001), 30-1-201(a)(2) (2001); 1 PRITCHARD § 36, at 58-59; 2 PRITCHARD §§ 595, at 108-09, 596, at 109-10, 601, at 113.

-4-

Probate in solemn form is a much more formal affair. All interested parties are entitled to receive notice of the proceedings and of their right to participate in them. Tenn. Code Ann. § 30-1-117(b); 1 PRITCHARD §§ 341, at 523-24, 342, at 524-25. There must be a judicial hearing at which the will is formally offered for probate. Tenn. Code Ann. § 16-16-201(b); 1 PRITCHARD § 343, at 525. At the hearing, the proponent of the will must produce all living witnesses who attested its execution for examination. *In re Estate of King*, 760 S.W.2d 208, 210 (Tenn. 1988); 1 PRITCHARD § 345, at 526-27. The court must enter an order accepting or rejecting the will for probate in solemn form, but there is no requirement that the court enter the order on the same day that the in solemn form hearing is held. 1 PRITCHARD § 343, at 525-26; 3 PAGE ON WILLS § 26.110, at 289-90.

Prior to the entry of an order admitting a will to probate in common form or in solemn form, the will can be challenged directly by means of a will contest. 1 PRITCHARD §§ 358, at 550, 396, at 591. However, because of the procedural and evidentiary distinctions between the two types of probate proceedings, the conclusiveness of an order admitting a will to probate differs depending on whether it was admitted to probate in common form or in solemn form. 1 PRITCHARD § 325, at 503-04. Historically, orders of both types have been immune from attack in all collateral proceedings absent allegations of fraud in the procurement of the order itself. *Ledbetter v. Ledbetter*, 188 Tenn. 44, 49-50, 216 S.W.2d 718, 721 (1949); *Murrell v. Rich*, 131 Tenn. 378, 403, 175 S.W. 420, 427 (1914); *Ex parte Williams*, 69 Tenn. 529, 530-31, 1878 WL 4406, at * 1 (1878); 1 PRITCHARD §§ 45, at 73, 325, at 503-04, 327, at 505, 335, at 515-16, 337, at 517-18. However, even after an order has been entered admitting a will to probate in common form, the will can still be challenged directly in a will contest at any time up to two years following the date of entry of the order. Tenn. Code Ann. § 32-4-108 (2001); *Murrell v. Rich*, 131 Tenn. at 403-04, 175 S.W. at 427; 1 PRITCHARD §§ 338, at 519, 366, at 559; 3 PAGE ON WILLS §§ 26.113, at 296-97, § 26.114, at 298-99. By contrast, once an order admitting a will to probate in solemn form has been entered, the will cannot be challenged in a later will contest. *Jennings v. Bridgeford*, 218 Tenn. at 292, 403 S.W.2d 287 at 291; *State v. Lancaster*, 119 Tenn. at 651, 105 S.W. at 861; 1 PRITCHARD § 325, at 503. Thus, if there is to be a will contest at all in proceedings to probate a will in solemn form, it must be initiated prior to the entry of the final order.

*In re: Estate of Boote*, 198 S.W.3d 699, 711-13 (Tenn. Ct. App. 2005) (footnotes omitted).

With regard to the question now before us on appeal, the *Estate of Boote* Court further clarified its resolution of this issue in its Opinion on Petition for Rehearing:

A hearing in a proceeding to probate a will in solemn form is not a will contest. To be sure, there are similarities in the procedures and conclusiveness of will contests and proceedings to probate a will in solemn form. In addition, both this court and the Tennessee Supreme Court have frequently analogized the two types of proceedings in prior decisions, several of which have been cited by Ms. Shivers and Ms. Gerritsen in support of their argument. *Petty v. Call*, 599 S.W.2d 791, 793 (Tenn. 1980); *Bearman v. Camatsos*, 215 Tenn. 231, 385 S.W.2d 91, 94 (1964); *Lillard v. Tolliver*, 154 Tenn. 304, 285 S.W. 576, 579 (1926); *Green v. Higdon*, 891 S.W.2d 220, 222 (Tenn. Ct. App. 1994). In each of the cited cases, the court highlighted the similarities or dissimilarities between the two types of proceedings on its way to making a larger point regarding the legal questions at issue in that particular case. None of these cases stands for the proposition that an in solemn form probate proceeding that has not yet been concluded bars the initiation of a will contest. To the contrary, the authorities are clear that if a will contest is to be maintained at all, it must be initiated prior to the entry of the order of probate in solemn form. *See, e.g., Murrell v. Rich*, 131 Tenn. At 397-99, 175 S.W. at 425-26.

*Id.* at 730.

In his brief on appeal Mr. LaFever quotes from *In re: Estate of Boote* stating: "Justice Koch opined in 2005 that 'none of the [sic] cases stands for the proposition that an in solemn form probate proceeding that has not yet been concluded bars the initiation of a will contest.'" Mr. LaFever asserts that: "No final order has been entered closing the estate of the decedent. Therefore Mr. LaFever is within his right to initiate a will contest." Mr. LaFever is mistaken.

Mr. LaFever has confused a final order entering a will to probate in solemn form with a final order closing an estate. These two final orders are very different. As this Court clearly held in *In Re: Estate of Boote*, "if a will contest is to be maintained at all, it must be initiated prior to the *entry of the order of probate in solemn form.*"[1] *In Re: Estate of Boote*, 198 S.W.3d at 730 (emphasis added). Thus, in a solemn form proceeding a will contest must be initiated, if at all, prior to the entry of the final order admitting the will to

[1]This is true "absent allegations of fraud in the procurement of the order itself," as noted in *In re: Estate of Boote*, 198 S.W.3d at 712.

-6-

probate in solemn form, not prior to the final order closing the estate.

Mr. LaFever argues in his brief on appeal that he has a right to contest the will according to the strict language of Tenn. Code Ann. § 32-4-108. As discussed above, however, *In re: Estate of Boote* considered that statute. We note that the case of *In re: Estate of Boote* is a reported case that was filed in 2005. As this Court has stated:

> The legislature is presumed to know the interpretation which courts make of its enactments; the fact that the legislature has not expressed disapproval of a judicial construction of a statute is persuasive evidence of legislative adoption of the judicial construction, especially where the law is amended in other particulars, or where the statute is reenacted without change in the part construed.

*Jo Ann Forman, Inc. v. National Council on Compensation Ins., Inc.*, 13 S.W.3d 365, 373 (Tenn. Ct. App. 1999) (quoting *Hamby v. McDaniel*, 559 S.W.2d 774, 776 (Tenn. 1977)). The statute Mr. LaFever refers to, *i.e.*, Tenn. Code Ann. § 32-4-108, was amended in other particulars effective in July of 2011. Our Legislature made no change to this statute which would effect the law as interpreted and analyzed in *In re: Estate of Boote*.

There is no dispute in this case that Mr. LaFever did not initiate his will contest until after the entry of the order admitting the will to probate in solemn form, nor did Mr. LaFever make allegations of fraud in the procurement of the order to probate itself. Given the fact that in a solemn form proceeding a will contest must be initiated, if at all, prior to the entry of the final order admitting the will to probate in solemn form, and the fact that Mr. LaFever did not file his will contest until after entry of the order entering the will in solemn form, we find no error in the Trial Court's dismissal of Mr. LaFever's will contest.

We note that in the argument section of its brief on appeal the Estate requests that this Court award it damages for frivolous appeal. The Estate, however, failed to raise this as an issue in its statement of the issues. As this Court has stated: "Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). As the Estate failed to include the issue of frivolous appeal in its statement of the issues, this issue has been waived.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Robert LaFever and his surety.

_____
D. MICHAEL SWINEY, JUDGE