# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 26, 2016 Session

## IN RE: ESTATE OF JOAN UHL PIERCE

**Appeal from the Chancery Court for Knox County**
**No. 74292-2      Clarence E. Pridemore, Jr., Chancellor**

_____

**No. E2016-00013-COA-R3-CV – Filed July 22, 2016**

_____

This appeal arises from a dispute over purported wills. Joan Uhl Pierce ("Decedent") died and was survived by five living children ("Petitioners"). Another of Decedent's children, Brock Andrus, predeceased her, and he was survived by two adult children of his own ("Respondents"). The Administrator of Decedent's estate filed a petition for declaratory judgment in the Chancery Court for Knox County ("the Trial Court") seeking a determination as to whether Decedent died testate or intestate. Petitioners filed a verified petition seeking to admit a purported holographic will of Decedent's to probate, under which Respondents did not inherit. Respondents asserted that the document, a completed questionnaire, was not a valid holographic will. After a hearing, the Trial Court entered an order in which it held that the questionnaire was not a holographic will, and instead entered into probate an earlier purported will and codicil of Decedent's in which Respondents did inherit. Petitioners appeal. We hold that the questionnaire is not a valid holographic will. However, we hold also that the Trial Court erred in admitting the putative will and codicil into probate when there was no verified petition before the Trial Court seeking their admission. We vacate the admission of the putative will and codicil and remand for the Trial Court to address the lack of a verified petition. The judgment of the Trial Court is affirmed, in part, and, vacated, in part, and this cause is remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed, in Part, and, Vacated, in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

J. Scott Griswold, Knoxville, Tennessee, for the appellants, Kim A. Soper, Shauna Andrus, Marlin V. Andrus, Graydon H. Andrus, and Shane H. Andrus.

Willis B. Jackson and Thomas G. Slaughter, Knoxville, Tennessee, for the appellees, Joshua Andrus and Lexi Staley.


## OPINION

## <u>Background</u>

Decedent died on October 14, 2013. In 2007, Decedent had signed a typewritten document called her last will and testament in which she bequeathed her assets to her living children and, if any of her children did not survive her, to that child's children. In 2010, Decedent handwrote a purported holographic codicil to the 2007 document in which, among other things, she clarified that her son Brock had given up his own livelihood to become her caregiver. Decedent's other children lived outside of Tennessee. Decedent's son, Brock, was to receive her home under the purported holographic codicil. Brock died eleven months before Decedent. On October 9, 2013, mere days before she died, Decedent completed a three-page document she had obtained from an attorney titled "Confidential Estate Planning Questionnaire." This document ran contrary to the 2007 and 2010 will and codicil in that, this time, no mention was made of any distribution to her grandchildren. The issue in this case and on appeal between the surviving children, Petitioners, and the grandchildren, Respondents, is whether the 2007 and 2010 documents should be admitted to probate and whether the 2013 purported holographic will serves to revoke and replace those earlier documents even if they were otherwise appropriate to be admitted to probate.

In November 2013, the Trial Court appointed Steve Sams as Administrator of Decedent's estate.[1] In the wake of confusion over which document, if any, disposed of Decedent's assets, the Administrator filed a petition for declaratory judgment in February 2014. In March 2015, Petitioners filed a verified petition seeking to admit the purported holographic will to probate. Respondents filed their response in opposition to the petition. In October 2015, this matter was tried. Kim Soper ("Soper"), a Petitioner and one of Decedent's adult children, was the only witness. Soper testified to a falling out between Decedent and Respondents around the time of Brock's death. According to Soper, it was Decedent's desire that Respondents not inherit any of her assets.

In December 2015, the Trial Court entered its final judgment in which it admitted the 2007 and 2010 documents to probate. The Trial Court held that the Questionnaire was not a valid holographic will. The Trial Court stated as follows:

---

[1] Steve Sams filed no brief on appeal.

This cause having come on the [sic] be heard before this Honorable Court on the 13th day of October, 2015, upon Verified Petition to Admit Holographic Will to Probate in Solem[n] Form. After testimony of sworn witnesses, introduction of exhibits and argument of respective counsel and a review of the records as a whole, the Court finds as follows: Decedent Joan Uhl Pierce passed away on October 14, 2014, at which time she was survived by five children and predeceased by one child, Brock Andrus, who died approximately eleven months before the Decedent. At the time of Brock Andrus' death, he was living with the Decedent and left two surviving children of his own. Collective Exh. No. 1, which was admitted into evidence, is a set of three separate documents:

a) Last Will and Testament of Joan Uhl Pierce dated January 3, 2007;
b) Amendment/Addendum to Last Will and Testament of Joan Uhl Pierce, which had a handwritten date of February 1, 2010; and
c) Confidential Estate Planning Questionnaire, which had a hand written date of October 9, 2013.

The parties stipulated that the handwriting and signatures on the 2007, 2010 and 2013 documents were those of the Decedent. The parties further stipulated that the originals of the 2007, 2010 and 2013 documents were authentic. The 2007 Last Will and Testament was found in the Decedent's bedside table. The 2013 estate planning "Questionnaire" was found on the Decedent's desk in her office. Decedent obtained the Confidential Estate Planning Questionnaire from Knoxville Attorney Keith Burroughs. Decedent completed the "Questionnaire" on October 13, 2015. The "Questionnaire" is a multi-page document and on page 2, in response to question No. 3, "Estate Planning Goals", the Decedent wrote the following in her own handwriting: "Bequeath all money and home + contents to 5 children. Shauna, Marlin, Graydon, Kim and Shane." The "Questionnaire" was never returned to Attorney Keith Burroughs and a new will was never prepared. The five surviving children of the Decedent are asking this Court to find the "Questionnaire" to be a holographic will. The authenticity of and the handwriting on the 2013 "Questionnaire" offered as the Decedent's holographic will is not in question as both have been stipulated to by the parties.

The question for this Court is whether the Decedent intended the "Questionnaire" to be a holographic will, revoking Decedent's previous

will. The construction of wills is a question of law for the court. *Presley v. Hanks*, 782 S.W.2d 482, 287 (Tenn. Ct. App. 1989). While the validity of a will is a question of fact, as determined from all the evidence, intrinsic or extrinsic, as to whether the testatrix intended the writing to operate as a will. Tenn. Code Ann. § 32-4-107(a); *In re: Estate of Cook*, 2002 WL 1034016 at 2 (Tenn. Ct. App. 2002), citing *Scott v. Atkins*, 44 Tenn. App. 353, 314 S. W. 2d 52, 56 (1957). Evidence presented at trial showed that the Decedent was at one point upset with the children of Brock Andrus nearly one year prior to her death, but no evidence was presented at trial showing that Decedent's testamentary intent was for the "Questionnaire" to be her new will.

This Court considers the "Questionnaire" to be merely notes or memorandum in preparation of making a new will and not a new will. Therefore, this Court finds that the 2007 Will and the 2010 Codicil executed by the Decedent are authentic and signed by the decedent and that the original 2007 Will and the 2010 Codicil is controlling in this case, and is hereby admitted to Probate for administration.

(Format modified). Petitioners appealed to this Court.

## Discussion

Although not stated exactly as such, Petitioners raise the following two issues on appeal: 1) whether the Trial Court erred in holding that the proffered 2013 Questionnaire was not a holographic will; and 2) whether the Trial Court erred in admitting two earlier putative testamentary instruments to probate when there was no verified petition seeking their admission and no proof of due execution.

We first address whether the Trial Court erred in holding that the proffered 2013 Questionnaire was not a holographic will. This Court previously has discussed the requirements for holographic wills as follows:

At the outset of our analysis, we note that it is immaterial whether a testatrix necessarily understands that by executing a particular document she is making a will, so long as the document demonstrates it was her clear intention to dispose of her property after her death, and the statutory formalities are satisfied. *Smith v. Smith*, 33 Tenn.App. 507, 232 S.W.2d 338, 341 (1949); *Carver v. Anthony*, 35 Tenn. App. 306, 245 S.W.2d 422, 424 (1951).

A holographic will need not be dated or name an executor to be valid. *Nicley v. Nicley*, 38 Tenn.App. 472, 276 S.W.2d 497, 500 (1954); *Pulley*, 137 S.W.2d at 340. The statutory requirements for a holographic will are that the document's provisions be entirely in the testator's handwriting, and authenticated by 2 witnesses. *Tenn. Code Ann. § 32-1-105*. In this case, the parties have stipulated that the handwritten document is the decedent's handwriting and that the requirements of the statute are met.

When the statutory requirements are met, a holographic will is of the same dignity as a will attested by subscribing witnesses. *Campbell v. Henley*, 172 Tenn. 135, 110 S.W.2d 329 (1937), and a properly proven holographic will supercede a formal will. *See*, *First Christian Church of Guthrie, Kentucky v. Moneypenny*, 59 Tenn. App. 229, 439 S.W.2d 620, 623 (1968). Testamentary intent "must be determined from what he has written and not from what it is supposed he intended." *Presley*, 782 S.W.2d at 488, *citing*, *Burdick v. Gilpin*, 205 Tenn. 94, 325 S.W.2d 547, 551 (1959); *First American Nat'l Bank v. Dewitt*, 511 S.W.2d 698, 706 (Tenn. 1972).

*In re Estate of Meade*, 156 S.W.3d 841, 843-44 (Tenn. Ct. App. 2004).

Petitioners argue that the completed Questionnaire satisfied the requirements of a holographic will. Chiefly, Petitioners point to the testamentary intent evidenced by Decedent's use of the word "bequeath," which, Petitioners assert, has a strong and unmistakable meaning. Respondents, on the other hand, argue that the document consists merely of notes and memoranda.

Petitioners are correct that the substance of a holographic will prevails over the form. The fact that the document in question has a somewhat informal nature does not mean that it cannot be a holographic will, nor does the existence alone of pre-printed language in the Questionnaire decide the issue. Testamentary intent controls.

Nevertheless, context is crucial. That the document is entitled "Confidential Estate Planning Questionnaire" and was furnished to Decedent by an attorney raises immediate concerns. A questionnaire suggests something less than final. Indeed, Section IV of the Questionnaire is titled "Items to bring with you when you come in for our conference." While there is language that, in another context, might well reflect Decedent's testamentary intent, the fact that it is included in a planning document for a future meeting with a lawyer serves to undermine any expression of testamentary intent. The Questionnaire completed by Decedent constitutes the beginning stages of

addressing her estate plan and is not a final product demonstrating her clear intention to dispose of her property. We affirm the Trial Court in its determination that the Questionnaire is not a valid holographic will.

We next address whether the Trial Court erred in admitting two earlier putative testamentary instruments to probate when there was no verified petition seeking their admission and no proof of due execution. Petitioners raise various issues with the Trial Court's admission of the 2007 and 2010 will and codicil to probate. Tenn. Code Ann. § 30-1-117 requires that, when offering a will for probate, a verified petition containing certain essential information be filed. No such verified petition was filed by Respondents. Petitioners point out that the Trial Court did not state whether it admitted the 2007 and 2010 documents in common or solemn form. Petitioners also note that the notary public's jurat date on the self-proving affidavit with the putative will predates the putative will by around six months. Petitioners assert that Respondents, as proponents of the documents, had to prove their due execution by an attesting witness. Respondents argue that whatever errors are contained in the 2007 will were cured by the 2010 codicil.

In *In re: Estate of Boote*, this Court explained:

> A will or codicil has no legal effect until it has been admitted to probate. *State v. Lancaster*, 119 Tenn. 638, 651, 105 S.W. 858, 861 (Tenn. 1907); *Weaver v. Hughes*, 26 Tenn. App. 436, 443, 173 S.W.2d 159, 162 (1943); 1 PRITCHARD §§ 35, at 55, 326, at 504.… Proceedings to probate a will are instituted by the filing of a verified petition in the court that exercises probate jurisdiction over the county where the testator or testatrix resided at the time of his or her death. Tenn. Code Ann. § 32-2-101 (2001); 1 PRITCHARD § 326, at 504.

> * * *

> There are two types of probate in Tennessee: probate in common form and probate in solemn form. *Delaney v. First Peoples Bank of Johnson City*, 214 Tenn. 355, 364, 380 S.W.2d 65, 69 (1964); 1 PRITCHARD § 325, at 502; *see also* Tenn. Code Ann. § 32-5-103 (2001) (providing for probate of foreign will "either in common or in solemn form"). Probate in common form is an extremely informal procedure. *McClure v. Wade*, 34 Tenn. App. 154, 173, 235 S.W.2d 835, 843 (1950); 1 PRITCHARD § 331, at 511-12. There is no requirement that interested parties be given notice of the proceedings, Tenn. Code Ann. § 30-1-117(b); *Reaves v. Hager*, 101 Tenn. 712, 720, 50 S.W. 760, 762 (1899); *In re Estate of Powers*, 767 S.W.2d 659, 660 (Tenn. Ct. App. 1988); 1 PRITCHARD § 331, at 511, and a

judicial hearing is not required to have the will admitted to probate, Tenn. Code Ann. § 16-16-201(b); 3 PAGE ON WILLS § 26.110, at 292.

The clerk and master of the chancery court is statutorily authorized to probate wills in common form. Tenn. Code Ann. § 16-16-201(b). Thus, in many cases, the will can be admitted to probate in common form on the same day that the petition is filed. The clerk and master of the chancery court simply reviews the petition for completeness, collects the required fees, and enters an order admitting the will to probate in common form. After taking a bond and administering the appropriate oath or affirmation, the clerk and master issues letters testamentary to the person nominated by the testator or testatrix to serve as the executrix or executor for the estate. Tenn. Code Ann. §§ 30-1-111 (2001), 30-1-201(a)(2) (2001); 1 PRITCHARD § 36, at 58-59; 2 PRITCHARD §§ 595, at 108-09, 596, at 109-10, 601, at 113.

Probate in solemn form is a much more formal affair. All interested parties are entitled to receive notice of the proceedings and of their right to participate in them. Tenn. Code Ann. § 30-1-117(b); 1 PRITCHARD §§ 341, at 523-24, 342, at 524-25. There must be a judicial hearing at which the will is formally offered for probate. Tenn. Code Ann. § 16-16-201(b); 1 PRITCHARD § 343, at 525. At the hearing, the proponent of the will must produce all living witnesses who attested its execution for examination. *In re Estate of King*, 760 S.W.2d 208, 210 (Tenn. 1988); 1 PRITCHARD § 345, at 526-27. The court must enter an order accepting or rejecting the will for probate in solemn form, but there is no requirement that the court enter the order on the same day that the in solemn form hearing is held. 1 PRITCHARD § 343, at 525-26; 3 PAGE ON WILLS § 26.110, at 289-90.

Prior to the entry of an order admitting a will to probate in common form or in solemn form, the will can be challenged directly by means of a will contest. 1 PRITCHARD §§ 358, at 550, 396, at 591. However, because of the procedural and evidentiary distinctions between the two types of probate proceedings, the conclusiveness of an order admitting a will to probate differs depending on whether it was admitted to probate in common form or in solemn form. 1 PRITCHARD § 325, at 503-04. Historically, orders of both types have been immune from attack in all collateral proceedings absent allegations of fraud in the procurement of the order itself. *Ledbetter v. Ledbetter*, 188 Tenn. 44, 49-50, 216 S.W.2d 718, 721 (1949); *Murrell v. Rich*, 131 Tenn. 378, 403, 175 S.W. 420, 427 (1914); *Ex parte Williams*, 69 Tenn. 529, 530-31, 1878 WL 4406, at * 1 (1878); 1 PRITCHARD §§ 45, at 73, 325, at 503-04, 327, at 505, 335, at 515-16, 337, at

517-18. However, even after an order has been entered admitting a will to probate in common form, the will can still be challenged directly in a will contest at any time up to two years following the date of entry of the order. Tenn. Code Ann. § 32-4-108 (2001); *Murrell v. Rich*, 131 Tenn. at 403-04, 175 S.W. at 427; 1 PRITCHARD §§ 338, at 519, 366, at 559; 3 PAGE ON WILLS §§ 26.113, at 296-97, § 26.114, at 298-99. By contrast, once an order admitting a will to probate in solemn form has been entered, the will cannot be challenged in a later will contest. *Jennings v. Bridgeford*, 218 Tenn. at 292, 403 S.W.2d 287 at 291; *State v. Lancaster*, 119 Tenn. at 651, 105 S.W. at 861; 1 PRITCHARD § 325, at 503. Thus, if there is to be a will contest at all in proceedings to probate a will in solemn form, it must be initiated prior to the entry of the final order.

*In re: Estate of Boote*, 198 S.W.3d 699, 711-13 (Tenn. Ct. App. 2005) (footnotes omitted).

The record on appeal reveals that Respondents did not file a verified petition seeking admission of the 2007 will and 2010 codicil as required by statute. We, therefore, vacate the judgment of the Trial Court admitting the purported 2007 will and 2010 codicil to probate, and remand to give Respondents an opportunity to comply with all statutory requirements in admitting the documents to probate and to allow Petitioners the opportunity to contest the same. In so doing, we express no opinion as to whether these documents should be admitted to probate.

## Conclusion

The judgment of the Trial Court is affirmed, in part, and, vacated, in part, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and collection of the costs below. The costs on appeal are assessed equally one-half against the Appellants, Kim A. Soper, Shauna Andrus, Marlin V. Andrus, Graydon H. Andrus, and Shane H. Andrus, and their surety, if any, and, one-half against the Appellees, Joshua Andrus and Lexi Staley.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

-8-