**In re ESTATE OF Sam D.
KING, Deceased.**

**Petition of Mary R. WILLIAMS for Probate of Will of Sam D. King, Deceased.**

**Mary R. WILLIAMS, Appellant,**

v.

**Billie Jean KING,
Administratrix/Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 24, 1988.
Rehearing Denied Nov. 21, 1988.

Charles D. Susano, Jr., Bernstein, Susano & Stair, Knoxville, for appellant.

Johnny V. Dunaway, Dunaway, Harrell & Van Hook, LaFollette, for administratrix/appellee.

## OPINION

O'BRIEN, Justice.

We granted the application for permission to appeal filed by Mary R. Williams in order to address certain problems occurring as a result of Mrs. Williams effort to bring to probate what is purported to be the last will and testament of her brother, Sam D. King, who was a resident of Claiborne County, Tennessee.

The instrument offered for probate is titled Last Will and Testament of Sam King. By its terms he leaves his entire estate to Mrs. Williams. The instrument is dated 17 June 1974, appears to bear his signature, and is signed by Joe Standifer, Jean E. Davis and Fern Singleton, as attesting witnesses. It was also sworn to and acknowledged before the Claiborne County Court Clerk, Aileen L. Standifer. Mr. King died on 7 September 1985. Mr. King married sometime between the date of the execution of the instrument offered for probate and his death. After his demise his widow, Mrs. Billie Jean King, qualified as administratrix of his estate. On 10 January 1986 Mrs. Williams filed a petition to admit the will of Sam King for probate in solemn form. Process was served on Mrs. King. When the cause came on to be heard on 4 February 1986 she was present in response to the citation. No transcript was made of the probate proceedings. At the conclusion of the hearing the probate judge held the evidence to be insufficient and denied admission of the instrument to probate. He found that the purported will was witnessed by the three individuals noted heretofore. He took judicial notice that Joe Standifer was deceased. He found that Fern Singleton, the one attesting witness who appeared, testified that the subscribing witnesses did not sign in the presence of each other.

A subsequent motion to reconsider was filed and came on to be heard. A transcript of those proceedings has been preserved. It consists entirely of argument of counsel and the ruling of the court. Counsel for the proponent of the will advised the court that he had, "everything available that is available here today to probate it in solemn form if the court feels like it should be, or in common form ..." Counsel for the administratrix of the estate insisted she was not contesting the will, however, it is apparent that from the initiation of the petition for probate she has assumed an adversarial role throughout the trial and appellate proceedings. Through counsel she insisted that the court did not have authority to reconsider the matter having previously rejected the will for probate. At the conclusion of the arguments propounded by respective counsel the trial judge overruled the motion to reconsider based upon the fact that "in this court all witnesses have to be produced for probate in solemn form." He noted that his prior judgment contained certain findings and in his opinion was valid and of record. Counsel for Mrs. Williams requested the court to consider admitting the will to probate in common form and the judge responded that he could not, in view of the prior judgment.

The case went to the Court of Appeals in this condition. The petitioner prepared a proposed statement of the evidence to which the administratrix filed objections. This statement averred in pertinent part that Fern Singleton, the only attesting witness who testified, did not specifically recall seeing the other two witnesses sign the will but said she may have been busy with something else while one or both of them was signing the will. The trial judge did not accept the statement of the evidence filed by the petitioner and made the following findings as a correct statement of all the evidence presented in the original probate proceeding:

(1) One witness, Fern Singleton, testified at the hearing on February 4, 1986.

(2) At that hearing, Fern Singleton testified under oath as follows:

    A. The document presented for probate at the hearing on February 4, 1986, was drafted at the request of Samuel D. King.

    B. Samuel D. King signed the document.

    C. Samuel D. King acknowledged to Fern Singleton that the instrument in

question was his Last Will and Testament.

D. Fern Singleton knew Samuel D. King.

E. Fern Singleton saw Samuel D. King sign his will.

F. Fern Singleton signed the will as a witness to the signature of Samuel D. King, in the latter's presence. Fern Singleton signed the will in the public office of Aileen Standifer, who was then County Court Clerk of Claiborne County.

G. Fern Singleton testified that the subscribing witnesses did not sign in the presence of each other.

H. The subscribing witness, Joe Standifer, husband of Aileen Standifer, was deceased on the date of the attempted probate before this court.

I. The subscribing witness Jean Davis is currently a resident of Claiborne County, Tennessee and is employed with the Claiborne County School System in Powell Valley.

The Court of Appeals concurred in the findings of the trial judge and affirmed his judgment.[1] After careful consideration of the meager record presented to us for review we have come to the conclusion there was error in the proceedings in the trial court brought about by the manner in which the matter was presented by both counsel for the proponent of the will and for the administratrix of the estate.

The petition to admit the will of Sam King for probate requested that process issue and be served upon Billie Jean King in accordance with the law in cases of probate in solemn form. There is no doubt that the proponent of the will was aware that Sam King's widow had been appointed administratrix of his estate. It is inconceivable that she and her counsel had not considered the possibility, nay, the almost certainty that the administratrix would respond to the notice served upon her and come to court as an avid contestant ready to preserve and protect her right to the intestate estate. Proponent's counsel came to court, with one of the attesting witness-

es in tow, relying, as he says, on the provisions of T.C.A. § 32–2–104(a), providing that written wills with witnesses thereto, when not contested, shall be proved by at least one of the subscribing witnesses, if living. He proceeded with the effort to prove the will while Mrs. King sat on the sidelines waiting for her counsel to, as he said, "cross-examine the witnesses that were presented with regard to them presenting this will in solemn form."

■ Counsel for the Will proponent, cites Pritchard on Wills, Sec. 332, for the statement that "[t]he statute is silent on the subject of proof of wills in the county court in solemn form." The exact quotation seems to be:

"The statute is silent on the subject of proof of wills in the county courts in solemn form, but by implication, conformably to the practice in the ecclesiastical courts, requires that all the subscribing witnesses to be found should give testimony to establish a written will with witnesses in solemn form, even when no opposition is interposed."

This procedure seems to us to be reasonable and proper if the purpose of proving a will in solemn form is to force all objectors to a contest and to notify all persons interested in order that they be bound by it and to cut off any future contest. Otherwise there would be no need for the formality of solemn probate.

■ Counsel also argued in the trial court that the law provides for the manner in which one announces or informs or advises of a contest. His complaint is that the administratrix of Mr. King's estate did not file an answer to the application for probate and gave no notice that a contest would be precipitated. His reference to the statute is an imprecise statement of the law. There is no formal announcement required to establish oneself as a contestant to the validity of any last will or testament. Notice may be given but it is not required. A person desiring to contest a will need do no more than make that fact known. When his interest is made known

---

1. Trial Counsel and Appellate Counsel for the proponent of the will are not the same.

and his right to contest has been established, under the provisions of T.C.A. § 32–4–101 the court having probate jurisdiction must certify the fact of the contest to the circuit court which has original and exclusive jurisdiction of the issue of devisavit vel non.

On the other hand, the administratrix of the estate, accompanied by counsel, came into court on the day of the probate hearing. Her counsel cross-examined the one attesting witness offered to prove the execution of the will and, it appears, was able to bring out the crucial bit of testimony found by the trial court, "that the subscribing witnesses did not sign in the presence of each other." She appeared at the hearing on the motion to reconsider the petition for probate of the will and argued vociferously against the request of the court to reconsider its denial of admission of the will to probate. Although counsel for the proponent did not make a formal offer of proof he did advise the court that he had "everything available that is available here today to probate it in solemn form." Counsel for the administratrix argued that the proponent of the will had adequate notice of her appointment as administratrix. He insisted they were not contesting the will and at the same time conceded that since the application for probate was in solemn form if the administratrix had any questions to raise about the will it was incumbent upon her to do so on the day of the hearing for its admission. He argued to the trial judge that a judgment rejecting the will, if unappealed from, is binding upon all persons interested, on the theory that this cut off any authority the judge might have to reconsider his original judgment.

The administratrix has pursued the issue through the Court of Appeals and to this Court arguing, on the one hand, that the will of Sam King should not be admitted to probate, and on the other arguing quite as assiduously that she is not contesting the validity of the will. To hold that these proceedings do not involve a contest of the will is simply untenable, although, in the absence of any formal notice of contest her opposition to its admission was not as apparent in the beginning as it has become at this stage of the proceedings.

The issues propounded here are several. Reduced to their basic elements they are resolved to two questions. First, did the trial judge have the authority to reconsider his original judgment and allow the will proponent to introduce further proof to establish the will of Sam King? Second, did the intervention of the administratrix of Sam King's estate amount to a contest of the will of the decedent? If the answer to the second question is in the affirmative then the first would be pretermitted.

As to the first, it was within the trial court's discretion to reopen the case for introduction of further evidence. *Murrell v. Rich*, 131 Tenn. 378, 406, 175 S.W. 420 (1914); *Kelley v. Brading*, 47 Tenn. App. 223, 337 S.W.2d 471, 474 (1960). Under the provisions of Rule 60.02 T.R.C.P. this discretion continues even after final judgment. The court may relieve a party or his legal representative from a final judgment where the judgment is the result of mistake, inadvertence, surprise or excusable neglect, or for any other reason justifying relief from the operation of the judgment. Upon being cited to appear at the hearing for the admission of the will to probate the widow and administratrix of the estate of Mr. King gave no notice of her opposition to the admission of the will, although it was well justified by her interest in the estate as surviving spouse if Mr. King died intestate. However unwise it may have been to do so, the proponent of the will relied on the provisions of T.C.A. § 32–2–104(a) for the purpose of proving the will in the absence of any notice of contest. This is an appropriate case to apply Rule 60.02 T.R.C.P., if Mrs. King continues to persist that she is not contesting the Will.

As to the second, if the proceedings in the probate court amount to a contest, certification of the issue to the circuit court is mandatory. T.C.A. § 32–4–101. Mrs. King's interest in the estate is diametrically opposed to the interest of Mrs. Williams under the will. She had every

reason to resist its admission to probate. If she does in fact contest its admission the function of the probate judge is ended except to perform his required duty in accordance with the statute to certify the contest to the circuit court.

The case is remanded to the probate court for Claiborne County for further proceedings in accordance with this opinion. The costs of this proceeding will be divided equally between the parties.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.

ORDER ON PETITION TO REHEAR

The petition to rehear filed by the administratrix-appellee is denied.