IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted on Briefs September 26, 2013

# IN THE MATTER OF THE ESTATE OF DENNIS R. WOOLVERTON

**Appeal from the Chancery Court of Weakley County**
**No. 21822   W. Michael Maloan, Chancellor**

---

**No. W2013-00517-COA-R3-CV - Filed January 30, 2014**

---

This is a will contest. The alleged will was signed by three witnesses. At the hearing on the will contest, two of the three witnesses and a notary public testified about the signatures on the purported will. The trial court held that the document was the decedent's validly executed will and admitted it to probate. On appeal, the contestant of the will argues that the will proponent failed to satisfy the statutory requirement of proof from all living witnesses, if to be found, because the third witness to the will did not appear or testify. We hold that the proponent of the purported will was required to either submit the testimony of all living witnesses or show that a living witness whose testimony was not proffered was not to be found. However, because the trial court failed to make findings of fact and conclusions of law regarding the availability of the third witness, as required under Tenn. R. Civ. P. 52.01, we must vacate the trial court's decision and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Vacated and Remanded**

HOLLY M. KIRBY, J., delivered the Opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Plaintiff/Appellant Pamela Jo Woolverton Jones, Dyersburg, Tennessee, self-represented

Harold R. Gunn, Humboldt, Tennessee for Defendant/Appellee Rosie Annette Woolverton

**OPINION**
**FACTS AND PROCEEDINGS BELOW**

Dennis R. Woolverton ("Decedent") died on January 4, 2012, at the age of 51. The Decedent was not married at the time; he and his former wife, Defendant/Appellee Rosie Annette Woolverton ("Ex-Wife") divorced several years prior to his death.

The Decedent's sister and sole heir at law, Plaintiff/Appellant Pamela Jo Woolverton Jones ("Sister"), believed that the Decedent died intestate. Accordingly, in February 2012, Sister opened a small probate estate for the Decedent in the Chancery Court of Weakley County, Tennessee. Sister was appointed as the administratrix of the Decedent's estate.

In April 2012, Ex-Wife filed a "Motion to Set Aside Inju[n]ction and Probate," claiming that the Decedent left a will and that the will left all of the Decedent's assets to Ex-Wife. In support of the motion, Ex-Wife submitted her own affidavit and a typed document purporting to be the Decedent's last will and testament. Dated December 30, 2010, the document stated:

> I have again an area of my surgery (sutures) under my abdomen top of my leg that has broken giving a bloody-runny brown-discharge. I want it to be known that Annette Woolverton, though divorced, is still my wife and my executor. I give her total power and she is to inherit all my property including but not limited to vehicles, dogs, furniture, moneys, and retirement funds. My sister, Pam Jones, her husband Dwight Jones, niece Sherry, nephew Jason, or great niece Miranda Jones is not to be allowed at the hospital or my funeral. I will have visitation and memorial-at the place of her choosing. I request cremation with Annette to decide what she wants to do with the ashes.

The document includes the purported signature of the Decedent and the signatures of three witnesses: Jennie Townsend, Cindy Copeland, and Zach Oyebi. The document also included a handwritten notary oath and notary stamp by notary public David N. Spencer for the signature of the Decedent and each witness. The oaths stated that the Decedent and the three witnesses executed the document at issue in Spencer's presence on December 31, 2010.

In response, Sister challenged the validity of the purported will. Sister asserted that Ex-Wife was living in the Decedent's residence and had in her possession undisclosed assets that rightly belonged to the Decedent's estate. Sister asked the trial court to enjoin Ex-Wife from dissipating or removing any property owned by the estate. The trial court issued the requested injunction and discovery ensued.

In November 2012, Sister filed a complaint in the trial court to contest the purported will. The complaint alleged that the purported will was "fraudulently procured and/or conjured up by [Ex-Wife]" and that Sister had "reason to believe that the purported will's named witnesses did not in fact witness the signing of the purported will." The complaint stated that Ex-Wife "must provide all living witnesses as proof of the validity of a contested will pursuant to T.C.A. § 32-2-104," and asked the trial court to hold that the purported will is invalid and was procured by fraud. Ex-Wife denied Sister's "outrageous accusation."

-2-

The appellate record indicates that Ex-Wife issued subpoenas for notary public David Spencer and witnesses Cindy Copeland and Jennie Townsend. The appellate record does not include a subpoena for witness Zach Oyebi.

On December 18, 2012, the trial court held a hearing on Ex-Wife's "Motion to Set Aside Injunction Probate" as well as Sister's complaint contesting the alleged will. The record does not contain a transcript of the hearing, but the trial court approved a statement of the evidence.

According to the statement of the evidence, at the hearing, witness Jennie Townsend testified that she was present on December 31, 2010, and that she witnessed the Decedent sign his last will and testament. Townsend said that the Decedent was aware that he was signing his will and wanted those present to know that he wanted his estate to go to Ex-Wife and not to Sister. Townsend also testified that notary Spencer and witnesses Cindy Copeland and Zach Oyebi were also present. Townsend saw Copeland and Oyebi sign the document as witnesses.

Witness Cindy Copeland testified that she was a former employee of the Decedent. Copeland could not remember the order of the signatures but said that the Decedent was fully aware that the document he was signing was his will. Copeland recalled that the will she signed was handwritten rather than typed, but nevertheless she acknowledged her signature on the typed document at issue.

Notary public Spencer testified as well. Spencer also testified that the Decedent was aware that the document was his will. Spencer recalled that the Decedent signed the will first, followed by witnesses Townsend and Copeland. Spencer explained he added the notary acknowledgments by hand. The statement of the evidence contained no indication that Spencer testified about witness Oyebi.

After this testimony, the proponent of the will rested.[1]

Sister then testified. Sister said that she did not believe that the document was the will of the Decedent because the Decedent was an educated perfectionist who always used a lawyer. Sister testified that the purported signature of the Decedent on the document was "not his." Sister also submitted the testimony of the Decedent's niece. The niece produced several documents showing the difference between the Decedent's signature on the documents and the signature on the purported will that was allegedly the Decedent's signature. The documents produced by the niece were admitted into evidence.

---

[1]At the conclusion of Ex-Wife's proof, the trial court denied Sister's motion to dismiss.

On rebuttal, Ex-Wife acknowledged that she and the Decedent were divorced. She claimed, however, that they had reconciled and that in December 2010 they were living together. She identified the signature on the will as that of the Decedent. She claimed as well that the Decedent told her that he had written a will and that he gave her a copy of it.

The trial court took the matter under advisement and then sent a letter ruling to the parties. The trial court's letter ruling noted that the testimony of Townsend, Copeland and Spencer was consistent that they witnessed the Decedent sign the document and that they saw each other sign the document as well. The excerpt of the letter ruling contained in the statement of the evidence did not mention witness Oyebi. The statement of the evidence noted that the proof was undisputed that the Decedent and Ex-Wife were living together in December 2010. Consequently, the trial court observed, "there is some logic and reason as to why the ex-wife is the sole beneficiary of Dr. Woolverton's estate." For these reasons, the trial court concluded that, though not artfully drafted, the purported document met the statutory requirements contained in Tennessee Code Annotated § 32-1-104, is the valid will of the Decedent, and that it should be probated.

In January 2013, the trial court entered its Decree, reiterating the trial court's conclusion that the statutory requirements for a valid will had been met and that the Decedent's will should be probated. The Decree states in its entirety:

> This matter came [] to be heard on December 18, 2012, before the Honorable W. Michael Maloan, Chancellor, upon the testimony of witnesses who saw the decedent sign Dennis Woolverton's will in their presence and in the presence of each other and though said will may not be artfully drawn, it meets the statutory requirements of Tennessee Code Annotated Section 3[2]-1-104[2] and said will shall be probated as the Last Will and Testament of Dennis R. Woolverton, all of which is so ORDERED, ADJUDGED AND DECREED.

Sister now appeals.

---

[2]In its decree, the trial court inadvertently cited Tennessee Code Annotated § 31-1-104 rather than Tennessee Code Annotated § 32-1-104.

On appeal, Sister raises the following issue: whether proponent of the will met the burden of proof for admission of the document into probate as the Decedent's last will and testament.

In considering this issue, we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence in the record preponderates otherwise. Tenn. R. App. P. 13(d); *In the Estate of Blackburn*, 253 S.W.3d 603, 612 (Tenn. Ct. App. 2007); *Lee v. Gilliam (In re Estate of Meade)*, 156 S.W.3d 841, 843 (Tenn. Ct. App. 2004); *see also In re Estate of Eden*, 99 S.W.3d 82, 87 (Tenn. Ct. App. 1995). Questions of law are reviewed *de novo*, according no presumption of correctness to the trial court's conclusions of law. *In re Estate of Chastain*, 401 S.W.3d 612, 618 (Tenn. 2012) (citing *In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn. 2005); *In re Estate of Stringfield*, 283 S.W.3d 832, 834 (Tenn. Ct. App. 2008)); *see also In re Estate of Pegram v. Pegram*, 189 S.W.3d 227, 230 (Tenn. Ct. App. 2005).

## ANALYSIS

In general, in a will contest, the ultimate issue is whether the paper writing offered for probate is the testator's valid last will and testament. *In re Estate of Eden*, 99 S.W.3d at 87 (citing *Green v. Higdon*, 891 S.W.2d 220, 222 (Tenn. Ct. App. 1994); *Carver v. Anthony*, 35 Tenn. App. 306, 312-13, 245 S.W.2d 422, 425 (Tenn. Ct. App. 1951)). In the proceedings below, Sister asserted that the document at issue was not the Decedent's validly executed will.[3]

To demonstrate that a paper writing is the decedent's valid last will and testament, "the proponents of the will have the initial burden of proving that the will was duly executed." *In re Estate of Eden*, 99 S.W.3d at 88. "This may be accomplished using the testimony of living witnesses and by showing that the will complies with all formalities of law." *Id.* (citing *In re Estate of King*, 760 S.W.2d 208, 210 (Tenn. 1988)). "Tennessee courts have consistently interpreted statutes prescribing the formalities for execution of an attested will as mandatory and have required strict compliance with these statutory mandates." *In re*

---

[3]Sister also asked the trial court to declare the purported will void because it was fraudulently procured based on allegations that it was "conjured up" by Ex-wife and that the named witnesses did not in fact sign the purported will. In its final order admitting the will to probate, the trial court found, based "upon the testimony of witnesses who saw decedent sign Dennis Woolverton's will in their presence in the presence of each other," that the statutory requirements of Section 32-1-104 were met. Sister has not raised an issue on appeal regarding fraud.

***Estate of Chastain***, 401 S.W.3d 612, 619 (Tenn. 2012). "Proof of due execution makes out a prima facie case of the will's validity because it gives rise to a presumption that the testator was capable of making a will." ***In re Estate of Eden***, 99 S.W.3d at 88 (citing ***Curry v. Bridges***, 45 Tenn. App. 395, 407, 325 S.W.2d 87, 92 (Tenn. Ct. App. 1959); ***Needham v. Doyle***, 39 Tenn. App. 597, 622; 286 S.W.2d 601, 612 (Tenn. Ct. App. 1955)).  Once the proponent of the will shows due execution, "the burden of proof then shifts to the contestant to prove the will is invalid for some reason." ***Id.***  (citing ***Green v. Higdon***, 870 S.W.2d at 520; ***Taliaferro v. Green***, 622 S.W.2d 829, 835 (Tenn. Ct. App. 1981)).

On appeal, Sister argues that Ex-Wife did not make out a *prima facie* case for admission of the will into probate because she did not meet the requirements set forth in Tennessee Code Annotated §§ 32-2-104 and 32-4-105.  Specifically, Sister argues that Ex-Wife fell short of the statutory burden of proof because she failed to either proffer the testimony of witness Oyebi in the trial court proceedings or show that Oyebi was not to be found.  Section 32-2-104(a) states as follows:

> Written wills with witnesses, when not contested, shall be proved by at least one of the subscribing witnesses, if living.  Every last will and testament, written or nuncupative, when contested, *shall be proved by all the living witnesses, if to be found*, and by such other persons as may be produced to support it.

Tenn. Code Ann. § 32-2-104 (2013)(emphasis added).  Tennessee Code Annotated § 32-4-105 uses similar language in describing the proof for the proponent of the will in a will contest:

> Upon the trial of the issue in case of a written will with witnesses, it shall be proved *by all the living witnesses, if to be found*, and by such other persons as may be produced to support it.

Tenn. Code Ann. § 32-4-105 (2013)(emphasis added).  Tennessee courts have viewed this as a requirement in a will contest: "It is mandatory for all attesting witnesses to a will, if they are found, as provided by statute, and available for testimony . . . to be produced by proponents in all cases contesting the validity of wills." ***Swindoll v. Jones***, 292 S.W.2d 531, 541 (Tenn. Ct. App. 1954); ***see also In re Estate of Boye***, No. E2006-01441-COA-R3-CV, 2007 WL 3124424, at \*2 (Tenn. Ct. App. Oct. 26, 2007) ("At the hearing, the proponent of the will must produce, for examination, all living witnesses who attested to its execution.")

(citing *In re Estate of King*, 760 S.W.2d 208, 210 (Tenn. 1988)).  The determination of whether the proponent of the will has complied with the statutory requirements is made by the trial court, not the jury.  *Swindoll*, 292 S.W.2d at 541 ("There is no issue to be determined by the jury in will contests until the law with respect to production of such witnesses has been complied with.").  "[I]t is the function of the Trial Judge to determine whether a witness is available or can be found."  *Lyman v. American National Bank & Trust Company*, 346 S.W.2d 289, 333 (Tenn. Ct. App. 1960) (testimony of two of the three witnesses to the will was sufficient where proponent of will sent letter to third witness, with no response, and searched unsuccessfully for third witness). On appeal, the trial court's decision on whether a subscribing witness is available or "to be found" is reviewed under an abuse of discretion standard.  *Swindoll*, 292 S.W.2d at 541.

In the case at bar, the third subscribing witness, Oyebi, apparently did not testify, and the trial court made no finding as to whether Oyebi was available or "to be found."  The statement of the evidence does not recite any proof as to why Oyebi did not testify, nor any finding as to his availability. The trial court's order simply holds that the document "meets the statutory requirements of Tennessee Code Annotated Section 3[2]-1-104[4] and said will shall be probated."  The order contains no findings of fact or conclusions of law as to witness Oyebi.

We recognize that, in Tennessee, the execution of a will requires only two witnesses. Tenn. Code Ann. § 32-1-104. Nonetheless, Sections 32-2-104(a) and 32-4-105 appear to require either the testimony of *all* living witnesses to the will or a finding that a living witness whose testimony is not proffered is not "to be found," without regard to whether the proponent of the will has already proffered the testimony of two witnesses.  Tenn. Code Ann. §§ 32-2-104(a) and 32-4-105.  "Courts presume that every word in a statute has meaning and purpose and that these words 'should be given full effect if the obvious intention of the General Assembly is not violated by so doing.' "  *Johnson v. Hopkins,* --- S.W.3d ----, 2013 WL 6699490, at *6 (Tenn. Dec. 19, 2013) (quoting *Lind v. Beaman Dodge, Inc*., 356 S.W.3d 889, 895 (Tenn. 2011)).   Words in a statute "must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose."  *Mills v. Fulmarque, Inc*., 360 S.W.3d 362, 368 (Tenn. 2012).  Moreover, courts "must be circumspect about adding words to a statute that the General Assembly did not place there."  *Coleman v. State*, 341 S.W.3d 221, 241 (Tenn. 2011).  Therefore, we must interpret the statute to require the proponent of the will in a will contest to either submit the testimony of all living witnesses to the alleged will or show that a living witness whose testimony is not

---

[4]As noted above, the trial court inadvertently cited Tennessee Code Annotated § 31-1-104 rather than Tennessee Code Annotated § 32-1-104.

proffered is not "to be found." Accordingly, in the instant case, even though Ex-Wife submitted the testimony of two of the three subscribing witnesses to the purported will, if Ex-Wife failed to proffer the testimony of witness Oyebi, she was required to show that Oyebi was not "to be found."

In a bench trial, Rule 52.01 of the Tennessee Rules of Civil Procedure requires trial courts to issue findings of fact and conclusions of law:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Tenn. R. Civ. P. 52.01 (2013). The legislature's decision to require findings of fact and conclusions of law is "not a mere technicality."[5] *Paul v. Watson*, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *5; 2012 Tenn. App. LEXIS 65, at *15 (Tenn. Ct. App. Feb. 2, 2012) (citing *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8; 2009 Tenn. App. LEXIS 225, at *22-23 (Tenn. Ct. App. May 15, 2009)). The requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Paul,* 2012 WL 344705, at *5; 2012 Tenn. App. LEXIS 65, at *15 (quoting *In re K.H.*, 2009 WL 1362314, at *8; 2009 Tenn. App. LEXIS 225, at *21-22) (citing *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990)). "Without such findings and conclusions, this [C]ourt is left to wonder on what basis the court reached its ultimate decision." *Paul*, 2012 WL 344705, at *5; 2012 Tenn. App. LEXIS 65, at *15; *In re K.H.*, 2009 WL 1362314, at *8; 2009 Tenn. App. LEXIS 225, at *22 (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19; 2004 Tenn. App. LEXIS 250, at *58 (Tenn. Ct. App. Apr. 21, 2004)).

---

[5]Prior to July 1, 2009, trial courts were required to make such findings of fact and conclusions of law only "upon request made by any party prior to the entry of judgment." Tenn. R. Civ. P. 52.01 (2008); *Poole v. Union Planters Bank N.A.*, 337 S.W.3d 771, 791 n.12 (Tenn. Ct. App. 2010) (noting the amendment). As amended, Rule 52.01 requires findings of fact and conclusions of law even if no party requests them. Tenn. R. Civ. P. 52.01 (2013); *Poole,* 337 S.W.3d at 791 n. 12.

Because witness Oyebi apparently did not testify at the hearing on the will contest, in the absence of a finding by the trial court on whether witness Oyebi was "to be found" in the proceedings below, we are unable to determine whether the requirements of Sections 32-2-104 and 32-4-105 were met. As such, we are unable to effectively review the trial court's decision. Under these circumstances, we have little choice but to vacate the trial court's decision and remand the case for findings of fact and conclusions of law pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure. On remand, the trial court may, in its discretion, permit further evidence or reconsider its decision to admit the document into probate as the Decedent's last will and testament.

### CONCLUSION

The decision of the trial court is vacated and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed one-half against Appellee Rosie Annette Woolverton and one-half against Appellant Pamela Jo Woolverton Jones, and her surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE